## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MECADAQ TARNOS,          )
                                     )
               Plaintiff,    )
                                     )
v.                               )     Case No.: 21-1005-JAR-KGG
                                     )
TECT AEROSPACE, INC., *et al.*,   )
                                     )
             Defendants. )
_____)

## SHOW CAUSE ORDER

Plaintiff Mecadaq Tarnos is a business entity organized under the laws of France, with its principal place of business located in Tarnos, France.  Plaintiff filed this federal court action bringing claims for breach of contract and unjust enrichment.  Plaintiff also seeks a declaratory judgment construing the parties' contract and declaring Defendant(s) in breach thereof.  (Doc. 1.)

The Complaint alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (diversity) and because the parties have "expressly agreed to the jurisdiction and venue of this Court."  (*Id*., at 3.)  The Court notes that parties cannot "agree" to a Court's jurisdiction.  As such, the Complaint must establish that diversity exists.   That stated, in this instance, the Complaint fails to allege facts sufficient to allow the Court to confirm whether diversity of citizenship exists.

1

To establish diversity jurisdiction, the organizational structure determines the citizenship of a business entity.  For instance, the citizenship of a corporation is both the state or foreign state of incorporation and the state or foreign state where its principal place of business is located.  28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).  Citizenship for unincorporated associations (such as a limited liability company, general partnership, or limited partnership) is determined by the citizenship of each of its members.  *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

It is the independent obligation of the court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its] jurisdiction … ."  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011).  As such, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Id.* (citation omitted).  If it becomes apparent that jurisdiction does not exist, the court, on its own, "must dismiss the cause at any stage of the proceedings … ." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed.R.Civ.P. 12(h)(3).

Pursuant to 28 U.S.C.A. §1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign
> state, except that the district courts shall not have original
> jurisdiction under this subsection of an action between
> citizens of a State and citizens or subjects of a foreign
> state who are lawfully admitted for permanent residence
> in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or
> subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title,
> as plaintiff and citizens of a State or of different States.

Simply stated, diversity is absent when citizens of a foreign state are on both sides of the case. ***Grupo Dataflux v. Atlas Global Group, L.P.***, 541 U.S. 567, 569, 124 S.Ct. 1920, 1923, 158 L.Ed.2d 866 (2004) (reaching this conclusion in a case with a foreign corporation on one side and, on the other, a limited partnership with US and foreign partners at the time the case was filed) (citing ***Mossman v. Higginson***, 4 U.S. 12, 14, 1 L.Ed. 720 (1800)). *See also **Air Century SA v. Atlantique Air Assistance***, 447 Fed. Appx. 879 (10th Cir. 2011) (holding that §1332(a)(2) did not provide jurisdiction and complete diversity was lacking because plaintiff and one of the two defendants were foreign corporations, thus foreign citizens).

As stated above, the Complaint alleges that Plaintiff "is a business entity organized under the laws of France, with its principal place of business located in Tarnos, France." (Doc. 1, at 1.)  Defendants are comprised of three corporations (TECT Aerospace, Inc., TECT Aerospace Wellington, Inc., and TECT

Hypervelocity Inc.) with citizenship in Kansas and/or Delaware and one LLC

(TECT Aerospace, LLC).  Plaintiff contends that

> [u]pon information and belief, Defendant TECT
> Aerospace, LLC is a Delaware limited liability company
> and has, at least since July 13, 2020, done business in
> Kansas as "TECT Aerospace," continuing the operations
> of Defendant TECT Aerospace, Inc. and acting as the
> alter ego, instrumentality, undisclosed agent, undisclosed
> assignee, and/or undisclosed successor of TECT
> Aerospace, Inc., and is subject to the obligations and
> liabilities of Defendant TECT Aerospace, Inc.

(Doc. 1, at 2.)  Plaintiff has not, however, alleged the citizenship of the members of

this LLC.  As such, the Court cannot determine the validity of the claimed

diversity.


**IT IS THEREFORE ORDERED** that by March 17, 20201, Plaintiff shall

file a status report, with affidavits attached, properly alleging and demonstrating

the full citizenship of the members of Defendant TECT Aerospace, LLC and

showing cause why the undersigned Magistrate Judge should not recommend that

the case be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 3rd day of March, 2021, at Wichita, Kansas.

/s KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE